## IN THE CHANCERY COURT FOR SEVIER COUNTY, TENNESSEE

| | |
|---|---|
| GARY E. RIDENS and<br>GERALDINE RIDENS, | )<br>)<br>) |
|     **Plaintiffs,** | )<br>) |
| **vs.** | )<br>) |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY,** | )<br>)<br>) |
|     **Defendant.** | )<br>) |

*Jury Request*

Docket No. *15-3-110*

```
┌─────────────────────────────────┐
│      CHANCERY COURT             │
│          FILED                  │
│ HOUR:_____ M.        │
│                                 │
│        MAR 27 2015              │
│                                 │
│      Carolyn S. McMahan         │
│       CLERK & MASTER            │
│      SEVIER COUNTY, TN          │
└─────────────────────────────────┘
```

### COMPLAINT

Comes now the Plaintiffs, Gary and Geraldine Ridens, by and through counsel, pursuant to the Tennessee Rules of Civil Procedure, and for cause of action against the defendant, State Farm fire and Casualty Company, states as follows:

1.    Gary and Geraldine Ridens (hereinafter referred to as "the Ridens") are citizens and residents of Cocke County, Tennessee that reside at 1146 Maple Ridge Way, Newport, Tennessee 37821.

2.    State Farm Fire and Casualty Company (hereinafter sometimes referred to as "State Farm") is an insurance company writing insurance policies, including homeowners' insurance policies, and doing business in the State of Tennessee. State Farm, may be served through the Tennessee Commissioner of Insurance, Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

3.    The Ridens are the owners of certain real located at 513, 515, 517, 519, and 521 Apple Ridge Way, Sevierville, Tennessee 37862. (herein collectively referred to as "Apple Ridge Way Properties").

4.    The Apple Ridge Way Properties consist of land and physical structures that were rented by the Ridens to tenants. The Apple Ridge Way Properties were insured under a

Rental Dwelling Policy 92-KF-9350-5 by State Farm Fire and Casualty Company (hereinafter referred to as "the Policy"). (State Farm Fire and Casualty Company Rental Dwelling Policy No. 92-KF-9350-5 is attached hereto as **Exhibit 1**; and State Farm Fire and Casualty Company Declarations Page for the Apple Ridge Way Properties, insured under Policy No. 92-KF-9350-5 is attached hereto as **Exhibit 2**).

5.      On September 23, 2013, the dwellings and structures on the Apple Ridge Way Properties sustained damage as a result of a fire on those dwellings.

6.      Pursuant to the terms of the Policy, State Farm agreed "insure for accidental direct physical loss to the propert[ies]" at issue. **See Exhibit 1** at page 5.

7.      On or about September 23, 2013, after learning of the property damage, the Ridens contacted State Farm and made a claim for damages under the terms of their insurance policy.

8.      Subsequent to that conversation, State Farm performed an investigation to determine if coverage was applicable.

9.      On March 31, 2014, State issued a letter to the Ridens denying coverage under the terms of their policy. A copy of that denial letter is attached hereto as **Exhibit 3.**

10.     The Ridens aver that the damage sustained to Apple Ridge Way Properties, was covered under the terms of the Policy and State Farm had an obligation under the terms of the Policy to pay up to the limits of liability identified in the Declarations for fire damage to the Apple Ridge Way Properties.

11.     The Ridens further aver that the failure of State Farm to pay for the damages sustained to the Apple Ridge Way Properties as a result of the September 23, 2013 fire constitutes a breach of contract by State Farm.

12. The Ridens aver that within the Apple Ridge Way Properties was certain personal property that was covered under the terms of the Policy.

13. The Ridens aver that State Farm had an obligation under the terms of the Policy to pay the Ridens the cost of the personal property lost or damaged as a result of the September 23, 2013 fire.

14. The Ridens aver that State Farm's failure to pay for the damage and loss of covered personal property under the terms of the Policy constitutes a breach of contract by State Farm.

15. The Ridens aver that within the Apple Ridge Way Properties were rental properties that were regularly leased by the Ridens to tenants for money.

16. The Ridens aver that as a result of the September 23, 2013 fire, they sustained a loss of rental income.

17. The Ridens further aver that State Farm had an obligation under the terms of the Policy to pay the Ridens the amount of the actual loss of rental income incurred as a result of the September 23, 2013 fire and that State Farm's failure to pay for the loss of rental income constitutes a breach of contract by State Farm.

18. The Ridens aver that they have formally demanded payment for the claim, that State Farm has denied coverage for the claim and that State Farm's failure to provide coverage for the damages to the Apple Ride Way Properties, the loss of rental income and damaged personal property as a result of the September 23, 2013 fire constitute bad faith as defined by Tennessee Code Annotated §56-7-105.

WHEREFORE, the plaintiffs respectively pray this Court:

(a)     issue process pursuant to the Tennessee Rules of Civil procedure and require the plaintiffs to answer this Complaint within the time prescribed by the Tennessee Rules of Civil Procedure;

(b)     respectively demand a jury of (12) persons to try this matter;

(c)     pray that after hearing the evidence of this matter, a jury award the plaintiffs damages not to exceed $1,700,000.00 plus the 25% bad faith penalty established Tennessee Code Annotated §56-7-105 as well as any additional fees, expenses, including attorney's fees incurred by the plaintiffs in pursuing this action.

Respectfully submitted this ___23___ day of ___March___ 2015.

TRAMMELL, ADKINS & WARD, P.C.

By _____

Terrill L. Adkins, BPR #013138
Andrew J. Lewis, BRP#028090
Attorneys for Gary E. Ridens and
Geraldine Ridens
P.O. Box 51450
Knoxville, Tennessee 37950
865/330-2577
865/330-2578

## COST BOND

We do hereby acknowledge ourselves as surety for the costs in this cause in accordance with T.C.A. 20-12-120.

TRAMMELL, ADKINS & WARD, P.C.

By _____

Terrill L. Adkins
Andrew J. Lewis



# YOUR
# STATE FARM
# RENTAL DWELLING
# POLICY

FP-8103.3
(5/88)

PRINTED IN U.S.A.



# TABLE OF CONTENTS

## DECLARATIONS

Your Name
Location of Your Residence
Policy Period
Coverages
Limits of Liability
Deductibles

**Begins on Page**

1

1

**JR PROPERTY**

Dwelling ................................................ 2
Personal Property ................................ 2
Loss of Rents ...................................... 3
overages ............................................. 3
erage .................................................. 5
ED ....................................................... 5
NSURED .............................................. 7

**UR LIABILITY**

Business Liability ............................... 9
Premises Medical Payments ........... 10
10
OVERAGES ....................................... 13
13

II - CONDITIONS ............................... 14
/ISIONS ............................................. 15

Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983.

Printed in U.S.A.

# RENTAL DWELLING POLICY – SPECIAL FORM 3

## AGREEMENT

the insurance described in this policy. _____ provisions of this policy.
miums when due and comply with the

## DEFINITIONS

ian the "named insured" shown in the
spouse is included if a resident of your
s" and "our" mean the Company shown

rases are defined as follows:

neans bodily harm, sickness or disease,
uired care, loss of services and death
m. **Bodily injury** does not include any
which are communicable: disease,
e, virus, or other organism, any of
itted by any **insured** to any other per-
not include the exposure to any such
. parasite, virus, or other organism by
ny other person.

s any written **contract** or agreement
ed **insured** has expressly assumed li-
es to which this policy applies.

means the policy **Declarations**, any
**tions**, the most recent renewal notice
Evidence of Insurance form, or any
nging any of these.

:

**insured** is designated in the Decla-
individual and is a sole proprietor, the
ed and spouse;

**insured** is designated in the Decla-
partnership or joint venture, the part-
int venture so designated and any
mber thereof;

**insured** is designated in the Decla-
her than an individual, partnership or
the organization trustees, directors
or stockholder thereof while acting
pe of their duties;

d. any employee of the **named insured** while actin
within the scope of that employment;

e. any person or organization while acting as real e
tate manager for the **named insured**.

The insurance afforded applies separately to each in
sured against whom claim is made, or suit is brough
except with respect to the limit of our Company's l
ability.

This insurance does not apply to **bodily injury** or per
sonal injury or **property damage** arising out of th
conduct of any **partnership** or joint venture which is no
designated in this policy as a **named insured**.

5. "**insured premises**" means:

a. the **residence premises**;

b. one or two family premises of which you acquir
ownership or control and for which you report you
intention to insure under this policy within 30 day
after acquisition;

c. the ways immediately adjoining on land; and

d. one or two family dwelling premises alienated b
any **insured** if possession has been given to others

6. "**motor vehicle**" when used in Section II of this policy
means:

a. a motorized land vehicle designed for travel o
public roads or subject to motor vehicle registration
A motorized land vehicle in dead storage on an **in
sured premises** is not a **motor vehicle**;

b. a trailer or semi-trailer designed for travel on public
roads and subject to motor vehicle registration. A
boat, camp, home or utility trailer not being towe
by or carried on a vehicle included in 6.a. is not a
**motor vehicle**;

1

t, snowmobile, or other motor-
vned by any **insured** and de-
ial use off public roads, while
**mises.** A motorized golf cart
g purposes is not a **motor ve-**

, tricycle or similar type of
r any **insured** while off an in-

ing towed by or carried on a
a.. 6.b., 6.c., or 6.d.

is the person or organization
ns of this policy,

ed in Section II of this policy,
uding exposure to conditions,

r

dence premises shown in the
cipally as a private residence,
ched to the dwelling,
located on or adjacent to the
use in the construction, alter-
alling or other structures on the

ttached to the dwelling on the
d

ied in the **SECTION I, ADDI-**
**Land,** we do not cover land or
, rebuild, stabilize or otherwise

cover other structures on the
ited from the dwelling by clear

---

c. **personal injury;**

during the policy period. Repeated or continuous expo-
sure to the same general conditions is considered to be
one **occurrence.**

9. **"personal injury"** means injury arising out of one or
   more of the following offenses:

   a. false arrest, detention or imprisonment or malicious
      prosecution;

   b. libel, slander or defamation of character; or

   c. invasion of privacy, wrongful eviction or wrongful
      entry.

10. **"property damage"** means physical damage to or de-
    struction of tangible property, including loss of use of
    this property. Theft or conversion of property by any in-
    **sured** is not considered to be **property damage.**

11. **"residence premises"** means the one- or two-family
    dwelling, other structures, and grounds which is shown
    in the **Declarations.**

# SECTION I - COVERAGES

space. Structures connected to the dwelling by only a fence,
utility line, or similar connection are considered to be other
structures.

We do not cover other structures:

1. not permanently attached to or otherwise forming a
   part of the realty;

2. used in whole or in part for commercial, manufacturing
   or farming purposes; or

3. rented or held for rental to any person not a tenant of
   the dwelling, unless used solely as a private garage.

## COVERAGE B - PERSONAL PROPERTY

We cover personal property owned or used by any **insured**
which is rented or held for rental with the **residence
premises** or used for the maintenance of the **residence
premises.** This coverage applies only while the personal
property is on the **residence premises** or temporarily off
premises for repairs.

We do not cover:

escribed and specifically insured in
urance;

propelled vehicle or machine, in-
signed for movement on land. We
solely for the service of the resi-
d not licensed for use on public

; motors, equipment and accesso-

JF RENTS

Coverage C is the total limit for all

If a Loss Insured causes that part
imises rented to others or held for
me uninhabitable, we cover its fair
t shall be for the shortest time re-
replace the part of the premises
ntal but not exceeding 12 consec-
e date of loss. This period of time
piration of this policy. Fair rental
le any expense that does not con-
of the residence premises rented
uninhabitable.

a civil authority prohibits you from
e premises as a result of direct
ing premises by a Loss Insured in
any resulting Fair Rental Value loss
eding two weeks during which use

; or expense due to cancellation of

GES

'e will pay the reasonable expense
the removal of debris of covered
overage is afforded for the peril

causing the loss. Debris removal expense is included in
the limit of liability applying to the damaged property.
When the amount payable for the actual damage to the
property plus the expense for debris removal exceeds
the limit of liability for the damaged property, an addi-
tional 5% of that limit of liability will be available to
cover debris removal expense.

2. **Reasonable Repairs.** We will pay the reasonable cost
incurred by you of repairing damage to covered property
necessary to protect the property from further damage
or loss, provided coverage is afforded for the peril
causing the loss. This coverage does not increase the
limit of liability applying to the property being repaired.

3. **Trees, Shrubs and Other Plants.** We cover outdoor
trees, shrubs, plants or lawns, on the **residence
premises**, for loss caused by the following Losses In-
sured: Fire or lightning, Explosion, Riot or civil
commotion, Aircraft, Vehicles not owned or operated
by a resident of the **residence premises**, Vandalism or
malicious mischief or Theft. The limit of liability for this
coverage shall not exceed 5% of the limit of liability
that applies to the dwelling for all trees, shrubs, plants
and lawns nor more than $500 for any one tree, shrub
or plant. This coverage may increase the limit of liability
otherwise applicable. We do not cover property grown
for business purposes.

4. **Fire Department Service Charge.** We will pay up to
$500 for your liability assumed by **contract** or agree-
ment for fire department charges incurred when the fire
department is called to save or protect covered property
from a Loss Insured. No deductible applies to this cov-
erage. This coverage may increase the limit otherwise
applicable.

5. **Property Removed.** Covered property, while being re-
moved from a premises endangered by a Loss Insured,
is covered for direct loss from any cause. This coverage
also applies to the property for up to 30 days while re-
moved. We will also pay for reasonable expenses in-
curred by you for the removal and return of the covered
property. This coverage does not increase the limit ap-
plying to the property being removed.

6. **Personal Effects.** We will pay up to $500 for loss at the
**residence premises** caused by a Loss Insured to per-
sonal effects of others while such property is in your

3                                          FORM 3

overage is subject to the
licable to. Coverage B
ge is limited to $100 per
the limit of liability ap-
l Property.

ss of personal property
which is rented or held
iremises, when the loss,
i a building on the resi-
obable that the property
iible evidence of forcible
iat building. This cover-
t of liability applying to

$1,000 for information
ion in connection with a
this policy. This cover-
erwise applicable. How-
be increased regardless
ling information.

00 for the cost required
otherwise restore the
isured dwelling sustain-
rease the limit applying

rect physical loss to a
roperty contained in a
tion of a volcano when
ely caused by:

er; or

al of that ash, dust or
sed direct physical loss
l property contained in

s that occur within a
sidered one volcanic

---

This coverage does not increase the limits applying to
the damaged property.

11. **Collapse:** We insure for direct physical loss to covered
property involving collapse of a building or any part of
a building caused only by one or more of the following:

a.  fire, lightning, explosion, windstorm or hail, smoke,
    aircraft or vehicles, riot or civil commotion,
    vandalism, leakage from fire extinguishing equip-
    ment, volcanic action, falling objects, weight of ice,
    snow or sleet, water damage, breakage of building
    glass, all only as insured against in this policy;

   (1) falling objects does not include loss of or dam-
       age to:

       (a) personal property in the open; or

       (b) the interior of a building or structure, or
           property inside a building or structure, un-
           less the roof or an outside wall of the
           building or structure is first damaged by a
           falling object;

   (2) water damage means accidental discharge or
       leakage of water or steam as the direct result
       of the breaking or cracking of any part of a
       system or appliance containing water or steam;

b.  hidden decay;

c.  hidden insect or vermin damage;

d.  weight of contents, equipment, animals or people;

e.  weight of ice, snow, sleet or rain which collects on
    a roof; or

f.  use of defective material or methods in con-
    struction, remodeling or renovation if the collapse
    occurs during the course of construction, remodel-
    ing or renovation.

Loss to an awning, fence, patio, pavement, swimming
pool, underground pipe, flue, drain, cesspool, septic
tank, foundation, retaining wall, bulkhead, pier, wharf
or dock is not included under items b., c., d., e., and f.
unless the loss is a direct result of the collapse of a
building.

Case 3:15-cv-00178-TAV-CCS   Document 1-2   Filed 04/24/15   Page 10 of 45   PageID #: 15

clude settling, cracking, shrinking.

not increase the limit applying to

wn in the **Declarations** for Cover-
reased at the same rate as the in-
verage Index shown in the **Decla-**

To find the limits on a given date:

1. divide the Index on that date by the Index as of the ef-
fective date of this Inflation Coverage provision; then

2. multiply the resulting factor by the limits of liability for
Coverage A and Coverage B separately.

The limits of liability will not be reduced to less than the
amounts shown in the **Declarations.**

If during the term of this policy, the Coverage A limit of li-
ability is changed at your request, the effective date of this
Inflation Coverage provision is changed to coincide with the
effective date of such change.

# SECTION I - LOSSES INSURED

ING AND COVERAGE B -

direct physical loss to the property
and Coverage B, except as pro-

vided in Section I - Losses Not Insured:

# SECTION I - LOSSES NOT INSURED

loss to the property described in
erage B either consisting of, or di-
ly caused by, one or more of the

as specifically provided in SEC-
DITIONAL COVERAGES for

nbing, heating, air conditioning or
otective sprinkler system, or of a
nce, or by discharge, leakage or
within the system of appliance
ng, while the dwelling is vacant,
eing constructed unless you have
care to:

in the building; or

vater supply and drain the system
es of water;

l. pressure or weight of water or
ven by wind or not, to a fence,
swimming pool, foundation, re-
head, pier, wharf or dock;

d. theft in or to a dwelling under construction, or of
materials and supplies for use in the construction
until the dwelling is completed and occupied;

e. theft of any property which is not actually part of
any building or structure;

f. mysterious disappearance;

g. vandalism and malicious mischief or breakage of
glass and safety glazing materials if the dwelling
has been vacant for more than 30 consecutive days
immediately before the loss. A dwelling being con-
structed is not considered vacant;

h. continuous or repeated seepage or leakage of wa-
ter or steam from a:

(1) heating, air conditioning or automatic fire pro-
tective sprinkler system;

(2) household appliance; or

(3) plumbing system, including from, within or
around any shower stall, shower bath, tub in-
stallation, or other plumbing fixture, including
their walls, ceilings or floors;

5.                                         FORM 3

period of time and results in
old, or wet or dry rot. If loss is
steam not otherwise excluded,
st of tearing out and replacing
lding necessary to repair the
. We do not cover loss to the
from which the water or steam

scratching, deterioration, in-
defect and mechanical break-

dry rot;

gricultural smudging or indus-

rinking, bulging, or expansion
s, foundation, walls, floors,

s, insects or domestic animals.
kage of glass or safety glazing
art of a building, when caused
ents, insects or domestic ani-

or any ensuing loss from items
oss is itself a Loss Not Insured

ny coverage for any loss which
in the absence of one or more
events. We do not insure for
(a) the cause of the excluded
es of the loss; or (c) whether
rently or in any sequence with
duce the loss.

meaning enforcement of any
ating the construction, repair,
ding or other structure, unless
nder this policy.

meaning the sinking, rising,
or contracting of earth, all
th water or not. Earth move-
not limited to earthquake.

landslide, mudflow, sinkhole, subsidence and ero-
sion. Earth movement also includes volcanic explo-
sion or lava flow, except as specifically provided in
**SECTION I, ADDITIONAL COVERAGES** for
**Volcanic Action.**

We do insure for any direct loss by fire, explosion
other than explosion of a volcano, theft, or
breakage of glass or safety glazing materials re-
sulting from earth movement.

c. **Water Damage,** meaning:

(1) flood, surface water, waves, tidal water, over-
flow of a body of water, or spray from any of
these, whether or not driven by wind;

(2) water which backs up through sewers or drains,
or water which enters into and overflows from
within a sump pump, sump pump well or any
other system designed to remove subsurface
water which is drained from the foundation
area; or

(3) natural water below the surface of the ground,
including water which exerts pressure on, or
seeps or leaks through a building, sidewalk,
driveway, foundation, swimming pool or other
structure.

However, we do insure for direct loss by fire, ex-
plosion, or theft resulting from water damage.

d. **Neglect,** meaning neglect of the **insured** to use all
reasonable means to save and preserve property at
and after the time of a loss, or when property is
endangered by a Loss Insured.

e. **War,** including any undeclared war, civil war,
insurrection, rebellion, revolution, warlike act by a
military force or military personnel, destruction or
seizure or use for a military purpose, and including
any consequence of any of these. Discharge of a
nuclear weapon shall be deemed a warlike act even
if accidental.

f. **Nuclear Hazard,** meaning any nuclear reaction, ra-
diation, or radioactive contamination, all whether
controlled or uncontrolled or however caused, or
any consequence of any of these. Loss caused by

FORM 3

hazard shall not be considered loss
ire, explosion, or smoke. However, we
r direct loss by fire resulting from the
ard

e under any coverage for any loss con-
r more of the items below. Further, we
r loss described in paragraphs 1. and
above regardless of whether one or more
g: (a) directly or indirectly cause, con-
gravate the loss; or (b) occur before, at
or after the loss or any other cause of

t, failure to act, or decision of any per-
l organization or governmental body
entional, wrongful, negligent, or without

rest and Limit of Liability. Even if
person has an insurable interest in the
d, we shall not be liable:

red, for an amount greater than the
terest; nor

in the applicable limit of liability.

fter Loss. In case of a loss to which this
apply, you shall see that the following
rmed:

iate notice to us or our agent, and in
t, vandalism, or malicious mischief, also
;

property from further damage or loss,
nable and necessary repairs required to
property, and keep an accurate record
penditures;

inventory of damaged personal property
detail, the quantity, description, actual
and amount of loss. Attach to the inven-
s, receipts and related documents that
e the figures in the inventory;

b. defect, weakness, inadequacy, fault or unsou
ness in:

(1) planning, zoning, development, surveying,
ing;

(2) design, specifications, workmanship, c
struction, grading, compaction;

(3) materials used in construction or repair; or

(4) maintenance;

of any property (including land, structures, or
provements of any kind) whether on or off the r
idence premises.

However, we do insure for any ensuing loss from ite
a. and b. unless the ensuing loss is itself a Loss I
Insured by this Section.

# SECTION I - CONDITIONS

d. as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with records and documents we
quest and permit us to make copies; and

(3) submit to examinations under oath and s
scribe the same;

e. submit to us, within 60 days after the loss, y
signed, sworn proof of loss which sets forth, to
best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the **insured** and all others in
property involved and all encumbrances on
property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the prope
during the term of this policy;

(5) specifications of any damaged building and c
tailed estimates for repair of the damage;

(6) an inventory of damaged personal property c
scribed in 2.c.;

(7) records supporting the fair rental value loss.

7                                          FORM

vered property losses are settled

y and structures that are not
cash value, up to the applicable
the time of loss. There may be
preciation. We will not pay an
that necessary to repair or re-

tic. appliances, awnings, and out-
whether or not attached to
l cash value, up to the applicable
the time of loss. We will not pay
ding that necessary to repair or

overage A at replacement cost
for depreciation, subject to the

y more than the $10,000 limit on
led in **SECTION I, ADDITIONAL**

e cost of repair or replacement,
tion for depreciation, but not ex-
allest of the following amounts:

f liability under this policy apply-
building;

ement cost of that part of the
damaged for equivalent con-
nd use on the same premises; or

t actually and necessarily spent
replace the damaged building.

e actual cash value of the damage
s, up to the policy limit, until ac-
eplacement is completed;

gard the replacement cost loss
visions and make claim under this
or damage to buildings on an ac-
e basis and then make claim
s after loss for any additional li-
lacement cost basis.

4. **Loss to a Pair or Set.** In case of loss to a pair or set,
we may elect to:

  a. repair or replace any part to restore the pair or set
  to its value before the loss; or

  b. pay the difference between actual cash value of the
  property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused
by a Loss Insured shall be settled on the basis of re-
placement with safety glazing materials when required
by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount
of loss, either one can demand that the amount of the
loss be set by appraisal. If either makes a written de-
mand for appraisal, each shall select a competent, in-
dependent appraiser and notify the other of the ap-
praiser's identity within 20 days of receipt of the writ-
ten demand. The two appraisers shall then select a
competent, impartial umpire. If the two appraisers are
unable to agree upon an umpire within 15 days, you or
we can ask a judge of a court of record in the state
where the **residence premises** is located to select an
umpire. The appraisers shall then set the amount of the
loss. If the appraisers submit a written report of an
agreement to us, the amount agreed upon shall be the
amount of the loss. If the appraisers fail to agree within
a reasonable time, they shall submit their differences
to the umpire. Written agreement signed by any two of
these three shall set the amount of the loss. Each ap-
praiser shall be paid by the party selecting that ap-
praiser. Other expenses of the appraisal and the com-
pensation of the umpire shall be paid equally by you and
us.

7. **Other Insurance.** If a loss covered by this policy is also
covered by other insurance, we will pay only the pro-
portion of the loss that the limit of liability that applies
under this policy bears to the total amount of insurance
covering the loss.

8. **Suit Against Us.** No action shall be brought unless
there has been compliance with the policy provisions
and the action is started within one year after the date
of loss or damage.

9. **Our Option.** We may repair or replace any part of the
property damaged or stolen with equivalent property.

8

FORM 3

...ay for or replace becomes our prop-

...fe will adjust all losses with you. We
...s some other person is named in the
...entitled to receive payment. Loss will
...s after we receive your proof of loss

...nt with you;

...ry of a final judgment; or

...g of an appraisal award with us.

... Property. We need not accept any
...id by any **insured**.

e. The word "mortgagee" includes

...e is named in this policy, any loss
... Coverage A shall be paid to the
...d you, as interests appear. If more
...gagee is named, the order of payment
...me as the order of precedence of the

...r claim, that denial shall not apply to
...f the mortgage, if the mortgagee:

... of any change in ownership, occu-
...ubstantial change in risk of which the
... is aware;

...remium due under this policy on de-
...u have neglected to pay the premium;

... signed, sworn statement of loss
...days after receiving notice from us of

your failure to do so. Policy conditions relating
to Appraisal, Suit Against Us and Loss Payment
apply to the mortgage.

c. If this policy is cancelled by us, the mortgagee shall
be notified at least 10 days before the date cancel-
lation takes effect.

d. If we pay the mortgagee for any loss and deny pay-
ment to you:

(1) we are subrogated to all the rights of the
mortgagee granted under the mortgage on the
property; or

(2) at our option, we may pay to the mortgagee the
whole principal on the mortgage plus any ac-
crued interest. In this event, we shall receive a
full assignment and transfer of the mortgage
and all securities held as collateral to the mort-
gage debt.

e. Subrogation shall not impair the right of the
mortgagee to recover the full amount of the
mortgagee's claim.

13. **No Benefit to Bailee.** We will not recognize any as-
signment or grant any coverage for the benefit of any
person or organization holding, storing or transporting
property for a fee regardless of any other provision of
this policy.

14. **Intentional Acts.** If you or any person insured under
this policy causes or procures a loss to property covered
under this policy for the purpose of obtaining insurance
benefits, then this policy is void and we will not pay you
or any other **insured** for this loss.

## SECTION II - LIABILITY COVERAGES

**INESS LIABILITY**

...a suit is brought against any **insured**
...of **bodily injury, personal injury,** or
...which this coverage applies, caused
...nd which arises from the ownership,
...f the **insured premises,** we will:

...of liability for the damages for which
...ally liable; and

2. provide a defense at our expense by counsel of our
choice. We may make any investigation and settle any
claim or suit that we decide is appropriate. Our obli-
gation to defend any claim or suit ends when the
amount we pay for damages, to effect settlement or
satisfy a judgment resulting from the **occurrence,**
equals our limit of liability.

9

Case 3:15-cv-00178-TAV-CCS   Document 1-2   Filed 04/24/15   Page 16 of 45   PageID #: 21

iany's liability for all **occurrences**
all not exceed the annual aggre-
**Declarations** for Coverage L -

## SES MEDICAL PAYMENTS

iry medical expenses incurred or
hin three years from the date of

an accident causing **bodily injury** which arises out of a condition on the **insured premises** or for which the insured is provided **bodily injury** liability coverage under this policy. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

## SECTION II - EXCLUSIONS

ess Liability and Coverage M -
ayments do not apply to:

rsonal injury, or **property dam-**

r expected or intended by an in-

or property which is the result of
icious acts of an **insured;**

rsonal injury, or **property dam-**
the rendering or failing to render
:es;

rsonal injury, or **property dam-**
the ownership, maintenance, use,
ng of:

hicle owned or operated by, or
ed to any **insured;** or

t owned by or operated by, or
ed to any **insured;**

rsonal injury, or **property dam-**

it by any **insured** to any person;

:upervision by any **insured** of any

statutorily imposed on any

ssumed through an unwritten or
ient by any **insured;**

with regard to the ownership, maintenance or use of any aircraft, watercraft, or **motor vehicle** (or any other motorized land conveyance) which is not covered under Section II of this policy;

e. **bodily injury, personal injury, or property damage** caused directly or indirectly by war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental;

f. **bodily injury, personal injury, or property damage** arising out of premises, other than the **insured premises,** or to liability assumed by the **insured** under any **contract** or agreement relating to such premises;

g. to **bodily injury or property damage** for which the **insured** may be held liable:

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or

(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed:

(a) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages; or

(b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or

auses or contributes to the
on of any person;

f this exclusion does not apply with
iability of the **insured** or his
s an owner or lessor described in

of any insured to:

ho is in the care of any **insured**
iild care services provided by or at
of;

ed;

yee of any **insured**; or

person actually or apparently act-
ialf of any **insured**;

io makes a claim because of **bod-
property damage** to any person
care of any **insured** because of
vices provided by or at the direc-

ed;

yee of any **insured**; or

person actually or apparently act-
ialf of any **insured**;

**property damage** arising out of
ad or threatened discharge, dis-
se or escape of pollutants:

imises owned, rented or occupied
**insured**;

site or location used by or for the
red or others for the handling,
osal, processing or treatment of

any time, transported, handled,
ed, disposed of, or processed as
or the **named insured** or any per-
ization for whom the **named in-
sured** legally responsible; or

(4) at or from any site or location on which the
**named insured**, employee or any contractor or
subcontractor working directly or indirectly on
behalf of the **named insured** is performing op-
erations:

(a) if the pollutants are brought on or to the site
or location in connection with such oper-
ations; or

(b) if the operations are to test for, monitor,
clean up, remove, contain, treat, detoxify or
neutralize pollutants.

Subparagraphs (1) and (4)(a) of this exclusion do
not apply to **bodily injury** or **property damage**
caused by heat, smoke or fumes which result from
a hostile fire or poisoning or asphyxiation due to
escape of fumes from a furnace or flue because of
a malfunction of the furnace or flue.

In addition, Coverage L and Coverage M do not ap-
ply to loss, cost or expense arising out of any gov-
ernmental direction or request that the **named in-
sured** test for, monitor, clean up, remove, contain,
treat, detoxify or neutralize pollutants;

As used in this exclusion:

"hostile fire" means one which becomes uncontrol-
lable or breaks out from where it was intended to
be.

"pollutants" means any solid, liquid, gaseous or
thermal irritant or contaminant, including smoke,
vapor, soot, fumes, acids, alkalis, chemicals and
waste.

"waste" includes materials to be recycled, recondi-
tioned or reclaimed.

j. **bodily injury** to an employee of the **insured** arising
out of and in the course of employment by the **in-
sured** or the spouse, child, parent, brother or sister
of that employee as a consequence of employment
of that employee by the **insured**.

This exclusion applies:

(1) whether the **insured** may be liable as an em-
ployer or in any other capacity; and

11

FORM 3

tion to share damages with or re-... else who must pay damages be-njury;

ou or any insured and if residents

son under the age of 21 who is in insured

ass Liability, does not apply to:

e of any loss assessment charged embers of an association of prop-or,

der any unwritten contract or or by contract or agreement in with any business of the insured e rental of the insured premises;

je to property owned by any in-

je to property rented to, occupied he care of the insured;

personal injury to any person eli-ny benefits required to be provided ovided by the insured under any :men's compensation, non-occupa-r occupational disease law;

arsonal injury or property dam-iy insured under this policy is also or a nuclear energy liability policy nsured but for its termination upon limit of liability. A nuclear energy a policy issued by Nuclear Energy :e Association, Mutual Atomic En-derwriters, Nuclear Insurance As-ida, or any of their successors;

f. **personal injury** caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any **insured**;

g. **personal injury** sustained by any person as a result of an offense directly or indirectly related to the employment of the person by the **insured**;

h. **personal injury** arising out of any publication or utterance in item b. of the definition of **personal injury**:

(1) if the first injurious publication or utterance of the same or similar material by or on behalf of the **insured** was made prior to the effective date of this insurance; or

(2) concerning any business or services made by or at the direction of any **insured** with knowledge of the falsity;

i. **property damage** or **personal injury** to premises you sell, give away or abandon, if the **property damage** or **personal injury** arises out of those premises.

3. **Coverage M - Premises Medical Payments** does not apply to **bodily injury**:

a. to any person, eligible to receive any benefits re-quired to be provided or voluntarily provided under any workers' or workmen's compensation, non-occupational disability or occupational disease law;

b. from any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncon-trolled or however caused, or any consequence of any of these;

c. to any **insured**, any tenant or other person regularly residing on the **insured premises** or to any em-ployees of any of the foregoing if the **bodily injury** arises out of or in the course of their employment;

d. to any person engaged in maintenance and repair of the **insured premises** or alteration, demolition or new construction at such premises.

12                                    FORM 3

# SECTION II - ADDITIONAL COVERAGES

in addition to the limits of liability:

We pay:

...ed by us and costs taxed against any
suit we defend;

...onds required in a suit defended by
bond amounts greater than the limit
Coverage L. We are not obligated to
...nish any bond;

...enses incurred by any **insured** at our
...ng actual loss of earnings (but not
...ome) up to $50 per day for assisting

us in the investigation or defense of any claim or
suit;

d. prejudgment interest awarded against the **insured**
on that part of the judgment we pay; and

e. interest on the entire judgment which accrues after
entry of the judgment and before we pay or tender,
or deposit in court that part of the judgment which
does not exceed the limit of liability that applies.

2. **First Aid Expenses.** We will pay expenses for first aid
to others incurred by any **insured** for **bodily injury**
covered under this policy. We will not pay for first aid
to you or any other **insured.**

# SECTION II - CONDITIONS

The Coverage L limit is shown in the
...s is our limit for all damages from
... regardless of the number of
...ade or persons injured.

...nit is shown in the **Declarations.**
...r all medical expense payable for
...e person as the result of one acci-

...nsurance. This insurance applies
...nsured. This condition shall not in-
...ability for any one **occurrence.**

... In case of an accident or occur-
...shall perform the following duties
...ll cooperate with us in seeing that
...formed:

...ice to us or our agent as soon as
...ch sets forth:

...of this policy and **insured;**

...available information on the time,
...cumstances of the accident or oc-
...nd

...addresses of any claimants and
...nesses;

b. immediately forward to us every notice, demand,
summons or other process relating to the accident
or **occurrence;**

c. at our request, assist in:

(1) making settlement;

(2) the enforcement of any right of contribution or
indemnity against any person or organization
who may be liable to any **insured;**

(3) the conduct of suits and attend hearings and
trials;

(4) securing and giving evidence and obtaining the
attendance of witnesses;

d. the insured shall not, except at the **insured's** own
cost, voluntarily make any payment, assume any
obligation or incur any expense other than for first
aid to others at the time of the **bodily injury.**

4. **Duties of an Injured Person - Coverage M - Prem-
ises Medical Payments.** The injured person, or, when
appropriate, someone acting on behalf of that person,
shall:

a. give us written proof of claim, under oath if re-
quired, as soon as practicable;

b. execute authorization to allow us to obtain copies
of medical reports and records; and

13

FORM 3

al examination by a physician, se-
en, and as often as we reasonably

- **Coverage M – Premises Med**ment under this coverage is not an
by any **insured or us.**

lo action shall be brought against
been compliance with the policy

y right to join us as a party to any
sured. Further, no action with re-

# SECTION I AND SECTION II CONDITIONS

policy applies only to loss under
jury, **personal injury,** or **property**
n II which occurs during the period

aud. This policy is void as to you
d; if you or any other **insured** un-
tentionally concealed or mispre-
act or circumstance relating to this
efore or after a loss.

e. If we adopt any revision which
age under this policy without ad-
hin 60 days prior to or during the
n effect, the broadened coverage
y to this policy.

f **Policy Provisions.** A waiver or
on of this policy must be in writing
request for an appraisal or exam-
e any of our rights.

his policy at any time by notifying
le date cancellation is to take ef-
re the requirement that the notice
confirming the date and time of
u in writing.

this policy only for the reasons
dition by notifying you in writing
llation takes effect. This cancel-
be delivered to you, or mailed to

---

spect to Coverage L shall be brought against us until the
obligation of the **insured** has been determined by final
judgment or agreement signed by us.

7. **Bankruptcy of any Insured.** Bankruptcy or insolvency
of any **insured** shall not relieve us of any of our obli-
gations under this policy.

8. **Other Insurance – Coverage L – Business Liability.**
This insurance is excess over any other valid and
collectible insurance except insurance written specif-
ically to cover as excess over the limits of liability that
apply in this policy.

you at your mailing address shown in the **Declara-
tions.** Proof of mailing shall be sufficient proof of
notice:

(1) When you have not paid the premium, whether
payable to us or to our agent or under any fi-
nance or credit plan, we may cancel at any time
by notifying you at least 10 days before the date
cancellation takes effect.

(2) When this policy has been in effect for less than
60 days and is not a renewal with us, we may
cancel for any reason by notifying you at least
10 days before the date cancellation takes ef-
fect.

(3) When this policy has been in effect for 60 days
or more, or at any time if it is a renewal with us,
we may cancel if there has been a material
misrepresentation of fact which, if known to us,
would have caused us not to issue this policy or
if the risk has changed substantially since the
policy was issued. We may cancel this policy by
notifying you at least 30 days before the date
cancellation takes effect.

(4) When this policy is written for a period longer
than one year, we may cancel for any reason at
anniversary by notifying you at least 30 days
before the date cancellation takes effect.

When this policy is cancelled, the premium for the
period from the date of cancellation to the expira-
tion date will be refunded. When you request can-

urn premium will be based on our
icellation. The return premium may
I pro rata refund. When we cancel,
im will be pro rata.

mium is not refunded with the no-
on or when this policy is returned
und it within a reasonable time af-
:ellation takes effect.

may elect not to renew this policy.
new, a written notice will be deliv-
ed to you at your mailing address
rations. The notice will be mailed
30 days before the expiration date
of mailing shall be sufficient proof

nment of this policy shall not be
our written consent.

nsured may waive in writing before
recovery against any person. If not
juire an assignment of rights of re-
the extent that payment is made by

sought, any insured shall sign and
apers and cooperate with us in any

ot apply under Section II to Premises

## OPTIONAL POLICY PROVISIONS

n applies only as indicated in the
sion Certificate.

dditional Insured. The definition of
includes the person or organization
ations as an additional insured or
with us with respect to:

je A - Dwelling;

ge L - Business Liability and Cov-
es Medical Payments but only with
dence premises. This coverage does
y injury to any employee arising out
of the employee's employment by the
tion.

9. **Death.** If any person named in the **Declarations** or the
spouse, if a resident of the same household, dies:

   a. we insure the legal representative of the deceased
but only with respect to the premises and property
of the deceased covered under this policy at the
time of death;

   b. **insured** includes with respect to your property, the
person having proper temporary custody of the
property until appointment and qualification of a
legal representative.

10. **Conformity to State Law.** When a policy provision is
in conflict with the applicable law of the State in which
this policy is issued, the law of the State will apply.

11. **Inspection and Audit.** We shall be permitted but not
obligated to inspect your property and operations at any
time. However, our right to inspect or our actual in-
spection and report shall not constitute an undertaking
on your behalf or for your benefit or the benefit of oth-
ers to determine or warrant that the property or oper-
ations are safe or healthful, or are in compliance with
any law, rule or regulation.

We may examine and audit your books and records at
any time during the policy period and within three years
after the final termination of this policy, as far as they
relate to the subject matter of this insurance.

This option applies only with respect to the location shown
in the **Declarations.**

**Option RC - Replacement Cost - Contents** Under
**SECTION I - CONDITIONS**, items a. and b. of the Loss
Settlement Condition are replaced with the following:

   a. (1) Fences and the following personal property at
actual cash value at the time of loss:

      (a) antiques, fine arts, paintings, statuary and
similar articles which by their inherent na-
ture cannot be replaced with new articles;

      (b) articles whose age or history contribute
substantially to their value, including, but

Case 3:15-cv-00178-TAV-CCS   Document 1-2   Filed 04/24/15   Page 21 of 45   PageID #: 26

ed to, memorabilia, souvenirs and ; items;

not useful for its intended purpose.

ay:

t exceeding that necessary to re- ɔlace the property; or

t in excess of the limit of liability o the property.

operty, carpeting, domestic appli- nd outdoor antennas, whether or ɔildings, and other structures (ex- are not buildings under Dwelling cost of repair or replacement at

the time of loss without deduction for depreciation, subject to the following:

(1) We will pay the cost of repair or replacement but not exceeding the smallest of the following amounts:

    (a) replacement cost at time of loss;

    (b) the full cost of repair;

    (c) any special limit of liability described in the policy; or

    (d) any applicable Coverage A or Coverage B limit of liability.

(2) Loss to property not repaired or replaced within one year after the loss will be settled on an ac- tual cash value basis.

his Company has executed and attested these presents; but this policy shall not be valid unless authorized Agent of this Company at the agency hereinbefore mentioned.

*M. Brunner*

        Secretary

*Edward B Rust, Jr*

        President

accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time holders of the participating policies issued by said Company such sums out of its earnings as in its

16

FORM 3



State Farm Fire and Casualty Company
A Stock Company With Home Offices in Bloomington, Illinois
2500 Memorial Boulevard
Murfreesboro, TN 37131-0001
**Named Insured**

E-11-1960-F329 F R

RIDENS, GERALDINE
PO BOX 134
NEWPORT TN 37822-0134

# DECLARATIONS PAGE

| Policy Number | 92-KF-9350-5 |
|---|---|

| Policy Period | Effective Date | Expiration Date |
|---|---|---|
| 12 Months | NOV 2 2005 | NOV 2 2006 |

The policy period begins and ends at 12:01 am standard time at the residence premises.

**Mortgagee**
LENDERS TITLE & ESCROW LLC
ESCROW ACCOUNT
1709 W ANDREW JOHNSON HWY
MORRISTOWN TN 37814-3736

## RENTAL DWELLING POLICY- SPECIAL FORM 3

**Automatic Renewal** - If the **policy period** is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Premises
See Schedule Page(s)

Named Insured: Individual

| Coverages & Property | | Limits of Liability | |
|---|---|---|---|
| | Section I | | |
| A | Dwelling | ** | |
| | Dwelling Extension | ** | |
| B | Personal Property | ** | |
| C | Loss of Rents | ** | |
| | Section II | | |
| L | Business Liability | | |
| | (Each Occurrence) | $ | 300,000 |
| | Annual Aggregate | $ | 600,000 |
| M | Medical Payments | | |
| | (Each Person) | $ | 5,000 |
| ** | See Schedule Page(s) | | |

Inflation Coverage Index: 188.1
**Deductibles - Section I**

| Basic | $ | 2,000 |
|---|---|---|

In case of loss under this policy, the deductibles will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to policy.

| Forms, Options, & Endorsements | |
|---|---|
| Special Form 3 | FP-8103.3 |
| Fungus (Including Mold) Excl | FE-5722 |
| Debris Removal Endorsement | FE-7540 |
| Multiple Location Endorsement | FE-8321 |

| Policy Premium | $ | 2,685.00 |
|---|---|---|

Discounts Applied:
See Schedule Page(s)

_____ Other limits and exclusions may apply - refer to your policy _____



EXHIBIT
2

Your policy consists of this page, any endorsements and the policy form. Please keep these together.

FP-8001.3C

1554   1 51  I
N 1S          Prepared   JAN 13 2006

ANGIE COX
865-475-6896

555-7020.1 Rev. 10-2002 (o1f039fc)



**Named Insured**

E-1960-F329     F R

RIDENS, GERALDINE

**EFFECTIVE DATE**
NOV 2 2005

The location of premises is extended to include the following.  Insurance is provided subject to all the terms of this policy including forms, options and endorsements made a part hereof:

| Loc. No. | Location of Premises | Discounts | Coverages and Property | Limits of Liability |
|---|---|---|---|---|
| 1. | 521 APPLE RIDGE WAY<br>SEVIERVILLE TN  37862-6800 | Home Alert<br>Utility | A Dwelling<br>  Dwelling Extension<br>B Personal Property<br>C Loss of Rents | $    150,000<br>$     15,000<br>$      7,500<br>Actual Loss |
| 2. | 517 APPLE RIDGE WAY<br>SEVIERVILLE TN  37862-6800 | Home Alert<br>Utility | A Dwelling<br>  Dwelling Extension<br>B Personal Property<br>C Loss of Rents | $    150,000<br>$     15,000<br>$      7,500<br>Actual Loss |
| 3. | 515 APPLE RIDGE WAY<br>SEVIERVILLE TN  37862-6800 | Home Alert<br>Utility | A Dwelling<br>  Dwelling Extension<br>B Personal Property<br>C Loss of Rents | $    150,000<br>$     15,000<br>$      7,500<br>Actual Loss |
| 4. | 513 APPLE RIDGE WAY<br>SEVIERVILLE TN  37862-6800 | Home Alert<br>Utility | A Dwelling<br>  Dwelling Extension<br>B Personal Property<br>C Loss of Rents | $    150,000<br>$     15,000<br>$      7,500<br>Actual Loss |
| 5. | 519 APPLE RIDGE WAY<br>SEVIERVILLE TN  37862-6800 | Home Alert<br>Utility | A Dwelling<br>  Dwelling Extension<br>B Personal Property<br>C Loss of Rents | $    150,000<br>$     15,000<br>$      7,500<br>Actual Loss |

1555

o1f039tb  03-2004

FE-7540
(9/89)

# DEBRIS REMOVAL ENDORSEMENT

**SECTION I - ADDITIONAL COVERAGES**

**Debris Removal** is replaced by the following:

1. **Debris Removal**. We will pay the reasonable expenses you incur in the removal of debris of covered property when coverage is afforded for the peril causing the loss. This expense is included in the limit applying to the damaged property.

   We will pay up to $500 in the aggregate for each loss to cover the reasonable expenses you incur in the removal of tree debris from the **residence premises** when the tree has damaged property covered under Coverage A.

   When the amount payable for the property damage plus the debris removal expense exceeds the limit for the damaged property, an additional 5% of that limit is available for debris removal expense.

**All other policy provisions apply.**

FE-7540
(9/89)

FE-8321
(2/93)

# MULTIPLE LOCATIONS ENDORSEMENT

The following is added under **SECTION I - ADDITIONAL COVERAGES**:

The following Additional Coverages apply separately to each location scheduled in the **Declarations**.

The following is added to the last paragraph under **SECTION II - LIABILITY COVERAGES, COVERAGE L - BUSINESS LIABILITY**:

This annual aggregate limit applies separately to each location scheduled in the **Declarations**.

Under **SECTION II - CONDITIONS**, 1. **Limit of Liability**, the last sentence in the first paragraph is replaced with the following:

This is our limit for all damages from each **occurrence** regardless of the number of **insureds**, claims made, locations scheduled or persons injured.

All other policy provisions apply.

FE-8321
(2/93)



State Farm Fire and Casualty Company

March 31, 2014

**State Farm Insurance**
PO Box 661031
Dallas TX 75266-1031

GERALDINE RIDENS
PO BOX 134
NEWPORT TN 37822

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED
AND REGULAR MAIL**

RE:    Claim Number:    42-347J-145
       Policy Number:    92-KF-9350-5
       Date of Loss:     September 23, 2013

Dear Ms. Ridens:

State Farm Fire and Casualty Company has concluded our investigation into the claim for insurance proceeds that you have submitted as a result of the fire damage to your dwellings 513, 515, 517, 519, and 521 Apple Ridge Way, Sevierville, Tennessee 37862.

This letter will serve as formal notice that your claim is denied and the policy voided based on the results of our investigation taken in conjunction with the following terms and conditions of the insurance contract.

## RENTAL DWELLING POLICY

## SECTION I – LOSSES INSURED

## COVERAGE A - DWELLING AND COVERAGE B – PERSONAL PROPERTY

We insured for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I-Losses Not Insured.

## SECTION I – CONDITIONS

**14. Intentional Acts.** If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other **insured** for this loss.

## SECTION I AND SECTION II– CONDITIONS

**2. Concealment or Fraud.** This policy is void as to you and any other **insured,** if you or any other **insured** under the policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

**EXHIBIT**

**3**

*Home Office, Bloomington, IL*

Case 3:15-cv-00178-TAV-CCS   Document 1-2   Filed 04/24/15   Page 26 of 45   PageID #: 31

State Farm Fire and Casualty Company investigation into your claim revealed you intentionally concealed and/or misrepresented material facts during the course of the investigation. Specifically, you concealed and/or misrepresented your knowledge of and involvement in the fire, as well as, made other misrepresentations regarding, but not limited to, the condition of these units along with your attempts to sell the units. These misrepresentations are material to our investigation of the facts and circumstances surrounding this loss and are a violation of the Concealment or Fraud and the Intentional Acts provision of the policy.

As a result of your breach of the condition portion of your policy contract, your policy is declared void effective September 23, 2013, and your claim is denied. Our Underwriting Department will be communicating with you in the near future regarding same.

By specifying these reasons for denial and voidance of the policy, State Farm Fire and Casualty Company does not intend to waive, but rather specifically reserves all of its rights, including other defenses which may be applicable to this claim.

It is our intention to notify the mortgagee of their rights under the Mortgage Clause of the policy, should they wish to make a claim for their interest in the property.

Sincerely,

Michael W. Haga

Michael W. Haga
Team Manager
Special Investigative Unit
865 694 1376
State Farm Fire and Casualty Company



# State Farm Replacement Service

## Service . . . it's in the name!

You've suffered a contents loss.

Many of the items you've worked so hard for are now gone.

### We're ready to help you get them back.

At State Farm Replacement Service, we believe the word "service" isn't a hard one to understand. We recognize the trauma of loss from theft and other loss situations, and we are the ones who can help make your home whole again. It's our business . . . it's what we do best.

As you begin the difficult process of replacing lost items, consider some of the valuable services we can provide.

### We do the shopping . . .

. . . you relax at home! The State Farm Replacement Service is set up to purchase from a majority of manufacturers for the following products: Appliances, Audio Equipment, Books, China and Crystal, Computer Equipment, Figurines, Fine Arts, Furniture, Golf Equipment, Jewelry, Leather Products, Memorabilia (Sports, Comics, Game cards), Photographic Equipment, Musical Instruments, Optics, Recorded Media, Silver, Televisions, Tools, Unique Items, Video Equipment, Watches.

Once we've established the model number or description of each item to be replaced, you don't have to shop any further . . . State Farm Replacement Service will arrange all of the details with your claim handler.

### Finding a current product with the features of the original

Some product models are no longer available. The State Farm Replacement Service will locate a product with similar features and quality.

Items replaced through the State Farm Replacement Service are new products, never "seconds" or "B" stock items.

### Helping you extend the buying ability of your replacement dollars

In some cases involving a large loss, the cost of replacement may exceed your policy limits. The State Farm Replacement Service negotiates with manufacturers and suppliers in order to get the lowest prices possible. These savings are passed directly on to you.

### Upgrade from your current model . . .

. . . at a minimal extra expense to you! Once the proper replacement has been established for your items, State Farm Replacement Service can help you upgrade most items at minimal expense to you.

### Getting your replacements . . .

For those who need their replacement items fast, we've developed a local pick-up program just for you! We have an extensive network of select retail chains across the country. This program allows you to pick up certain replacement items from a participating local store.

Brian H. Trammell
Terrill L. Adkins
Kenneth W. Ward
Andrew J. Lewis
Amy V. Peters
Hannah S. Lowe

128 N. Northshore Drive
Suite 201
Knoxville, TN 37919
Phone: 865-330-2577
Fax: 865-330-2578

Mailing Address:
P.O. Box 51450
Knoxville, TN 37950-1450

Website:
trammelladkinswardpc.com

E-MAIL: terryadkins@tawpc.com

March 25, 2015

> CHANCERY COURT
> **FILED**
> HOUR:_____M.
>
> MAR 2 7 2015
>
> *Carolyn L. McMahan*
> CLERK & MASTER
> SEVIER COUNTY, TN

Carolyn McMahan, Clerk
Sevier County Chancery Court
125 Court Avenue Suite 108W
P.O. Box 4426
Sevierville, TN 37864-4426

Re:   **Gary E. Ridens and Geraldine Ridens v. State Farm Fire and Casualty Company**
      **Sevier County Chancery Court, Docket No.**

Dear Ms. McMahan:

Enclosed please find an original *Complaint* and *Summons* for filing in the above-named matter, along with our firm's check for the filing fee in the amount of $274.50. I would appreciate it if you would file the Complaint and have the serve the original Summons and service copy of the Complaint on Defendant State Farm. I have also enclosed a check in the amount of $15.00 made payable to the Commissioner of Insurance for service.

If you have any questions or need any additional information, please feel free to contact my office. Thank you for your assistance.

Very truly yours,

**TRAMMELL, ADKINS & WARD, P.C.**

By _____
    Terrill L. Adkins
    Andrew J. Lewis

AJL:flr
Enclosures
cc:   Gary and Geraldine Ridens

TLA/11671-001-Ridens/State Farm Fire & Casualty Company

# IN THE CHANCERY COURT FOR SEVIER COUNTY, TENNESSEE

GARY E. RIDENS and )
GERALDINE RIDENS, )
                             )
      Plaintiffs, )
                             )    Docket No. _____
vs. )
                             )
STATE FARM FIRE AND )
CASUALTY COMPANY, )
      Defendant.

## SUMMONS

To:    **State Farm Fire and Casualty Company**
        **c/o Commissioner of Insurance for the State of Tennessee**
        **500 James Robertson Parkway, 5th Floor**
        **Nashville, Tennessee 37243**

**To the above-named respondent:**
    You are hereby summoned and required to serve upon Terrill L. Adkins, petitioner's attorney, whose address is P.O. Box 51450, Knoxville, TN 37950, a copy of the defense to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. You will file the original pleading with the Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.
    Issued and tested this _____ day of _____, 2015.

                      _____, Clerk

               By: _____, Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

## NOTICE

To the respondent:
    Tennessee law provides a Four Thousand Dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list**. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## **RETURN**

I received this summons on the _____ day of _____, 2015.

I hereby certify and return that on the _____ day of _____, 2015; I,

_____

[____] served this summons and a complaint on defendant(s) _____ in the following

manner: _____

[____]    failed    to    serve    this    summons    within    30    days    after    its    issuance    because:

_____

_____
Process Server


## **SERVICE INFORMATION**

To the process server:

Defendant, STATE FARM FIRE AND CASUALTY COMPANY, can be served at c/o Commissioner of Insurance
for the State of Tennessee, 500 James Robertson Parkway, 5th Floor, Nashville, Tennessee 37243

CHANCERY COURT
FILED
HOUR: _____ M.
MAR 27 2015
Carolyn P. McMahan
CLERK & MASTER
SEVIER COUNTY, TN

GARY E. RIDENS and ) 
GERALDINE RIDENS, ) 
       ) 
       Plaintiffs, ) 
       ) 
vs. )    Docket No. _15-3-110_
       ) 
STATE FARM FIRE AND ) 
CASUALTY COMPANY, ) 
       ) 
       Defendant. ) 

## INTERROGATORIES PROPOUNDED TO THE DEFENDANT

Come now the plaintiffs, Gary E. Ridens and Geraldine Ridens, by and through counsel, pursuant to Rule 33 of the *Tennessee Rules of Civil Procedure*, and propound the following interrogatories to be answered by the defendant.

1.     Please identify all person(s) having discoverable knowledge of any of the matters or facts that are subject to this litigation and the substance of each person's knowledge. Please also provide the contact information for each person(s) including name, address, phone number, email address, employer and job title.

**ANSWER:**

2.     Please state whether or not you or any of your representatives obtained a statement in any form from the plaintiffs, or any other person that you contend has knowledge of any fact you contend is relevant either at the time of, or at any time subsequent to the loss at issue. If so, please identify: (a) the person or persons who were present when the statement(s) were made. (b) the person or persons who took such statement(s) (c) the form of the statement(s) (whether oral, written, electronically recorded or taped). Attach as an exhibit to copies of each and every statement made by any plaintiff or other person with knowledge of any fact you contend. If the statement(s) were oral, please state in detail the substance of each and every statement; if the

statement was recorded, please make available or attach a copy of the recording or any transcription of said statement(s); and if the statement(s) was written, please attach a copy of the written statement(s).

**ANSWER**:

      3.      Pursuant to Rule 26 of the *Tennessee Rules of Civil Procedure* state the identity of any and all witnesses that will be called as expert witnesses at the trial of this matter and:

            (a)      State the subject matter on which each expert is expected to testify; and

            (b)      State the substance of the facts and opinions to which each expert is expected to testify; and

            (c)      A summary of the grounds for each opinion.

**ANSWER**:

      4.    Describe all communications between defendant and/or its agents regarding the insurance claim at issue in this civil action.

**ANSWER**:

      5.    Identify everyone involved in valuing the claim at issue in this civil action.

**ANSWER:**

      6.      Describe all training provided to defendant's employees or agents regarding investigating fire loss claims and/or evaluating real and personal property.

**ANSWER:**

      7.      Identify all factors, events, and conditions that you believed caused or contributed to the fire at issue in this civil action.

**ANSWER:**

8. Identify every person who may have access to photographs, documents, communications, or data that show or refer to the fire, the fire's cause, the nature and extent of the damage caused by the fire, the Ridens, the reason for the denial of the Ridens' claim, and briefly describe the items or data that each such individual may have access to.

**ANSWER:**

9. Please identify the reason and facts supporting the reason for your denial of the Ridens' claim for damages as a result of the fire at issue.

**ANSWER:**

10. If you contend that any person or entity is liable, responsible, or at fault for the fire or damages the Ridens allege to be caused by the fire, identify each such person or entity and explain the basis for your contention that each such person is liable, responsible, or at fault. Also, what are the reasonable necessary costs of repairing the damage caused by the fire at issue in this civil action.

**ANSWER:**

11. Explain and set forth the basis for each of your affirmative defenses you may have alleged in your Answer to the Complaint.

**ANSWER:**

12. Describe in detail each communication you have had with Mr. and Mrs. Ridens since the time they made their claim for damages. State the date, time, and place of each communication, identify any document related to such communication and identify any notes you recorded during such conversation.

**ANSWER:**

13. If any or all documents requested in the following Requests for Production of Documents were identified herein are no longer in your possession, custody, or control because of destruction, loss or any other reason, then with respect to each and every such document, describe the nature of the document (e.g. letter of memorandum), state the date of the document, identify the person who sent or received the original and copy of the document, and state the manner and date of its disposition.

**ANSWER**:

14. If you contend on the basis of attorney-client privilege, the work-product doctrine, or any other ground that you are entitled to withhold from production any document requested, in the following Requests for Production of documents or identified herein, state each such document, describe the nature of each document (e.g. letter of memorandum), the date of the document, identify the person(s) who sent and received the original and copy of the document, the subject matter of the document, the basis from which you are entitled to withhold the document from production.

**ANSWER**:

16. Do you understand that pursuant to Rules 33 and 34 of the *Tennessee Rules of Civil Procedure*, you have a continuing obligation to supplement your answers to each of the questions herein in additional information becomes available to add to, change or otherwise supplement your answers?

**ANSWER**:

**TRAMMELL, ADKINS & WARD, P.C.**

By _____
     Terrill L. Adkins, Esq. BPR# 013138
     Andrew J. Lewis, BRP#028090
     Attorneys for plaintiffs
     P.O. Box 51450
     Knoxville, Tennessee  37950

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon the following by delivering same or by placing same in the United States Mail, postage prepaid.

     State Farm Fire and Casualty Company
     c/o Commissioner of Insurance
     Tennessee Department of Commerce and Insurance
     500 James Robertson Parkway
     Nashville, TN 37243

This _25_ day of _____March_____, 2015.

**TRAMMELL, ADKINS & WARD, P.C.**

By: _____
     Terrill L. Adkins
     Andrew J. Lewis

# IN THE CHANCERY COURT FOR SEVIER COUNTY, TENNESSEE

CHANCERY COURT
FILED
HOUR _____ M.
MAR 27 2015
Carolyn F. McMahan
CLERK & MASTER
SEVIER COUNTY, TN

GARY E. RIDENS and )
GERALDINE RIDENS, )
                   )
     Plaintiffs, )
                   )
vs.                  )    Docket No. _15-3-110_
                   )
STATE FARM FIRE AND )
CASUALTY COMPANY, )
                   )
     Defendant. )

## REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED
## TO THE DEFENDANT

     Come now the plaintiffs, Gary E. Ridens and Geraldine Ridens, by and through counsel, pursuant to Rule 34 of the *Tennessee Rules of Civil Procedure* , and submits the following Requests for Production of Documents to be answered by the defendant.

     REQUEST NO. 1.    Produce all documents regarding the fire loss claim at issue in this civil action.

**RESPONSE:**


     REQUEST NO. 2.    Produce all maps, surveys, drawings, pictures, videos, or other recordings of the plaintiffs' real or personal property at issue in this civil action.

**RESPONSE:**


     REQUEST NO. 3.    Produce all documents related to the insurance policy at issue in this action.

**RESPONSE:**

REQUEST NO. 4.     Produce all documents regarding any communication between the defendant and any of its agents regarding the fire loss claim or property at issue in this civil action.

**RESPONSE:**


REQUEST NO. 5.     Produce all documents relied upon in valuing the property at issue in this civil action.

**RESPONSE:**


REQUEST NO. 6.     Produce all emails between any of the defendant's employees, the defendant's agents, or any other person or entity regarding the plaintiffs, their personal property, the plaintiffs' real property, the subject fire, or any policy of insurance the plaintiffs have ever had with the defendant.

**RESPONSE:**


REQUEST NO. 7.     Produce all manuals, policies, or other guidelines used by the defendant to investigate fire losses.

**RESPONSE:**


REQUEST NO. 8.     Produce all claims files, adjuster file notes, file jackets and/or other documents which in any way may relate to or discuss plaintiffs' fire loss claim.

**RESPONSE:**

REQUEST NO. 9.    Produce copies of all statements, correspondence, and examinations under oath given by plaintiffs or any agent of the plaintiffs.

**RESPONSE:**


REQUEST NO. 10.    Please produce all documents identified, referred to or relied upon and responding to the foregoing Interrogatories.

**RESPONSE:**


REQUEST NO. 11.    Please produce all correspondence or notes exchanged between you or their agents or representatives.

**RESPONSE:**


REQUEST NO. 12.    Please produce copies of any and all notes, memoranda, documents, emails, incident reports, claim file notes, photographs, videos, or any other documents prepared by the defendants or your agents in the course of investigating the fire loss at issue in this civil action.

**RESPONSE**:


REQUEST NO. 13.    Please produce all documents and things you contend, rely, or support your contention, if any, that any person or entity or entity is or may be liable or at fault for the damages alleged by the plaintiffs in this civil action.

**RESPONSE:**

REQUEST NO. 14.    Produce all documents and things you contend are relevant to the claims or defenses or alleged or raised in this action.

**RESPONSE:**


REQUEST NO. 15.    Produce all tangible things you intend to introduce as evidence at the trial of this lawsuit.

**RESPONSE:**

**TRAMMELL, ADKINS & WARD, P.C.**

By _____

       Terrill L. Adkins, Esq. BPR# 013138
       Andrew J. Lewis, BRP#028090
       Attorney for plaintiffs
       P.O. Box 51450
       Knoxville, Tennessee  37950
       865/330-2577
       865/330-2578 - fax


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon the following by delivering same or by placing same in the United States Mail, postage prepaid.

    State Farm Fire and Casualty Company
    c/o Commissioner of Insurance
    Tennessee Department of Commerce and Insurance
    500 James Robertson Parkway
    Nashville, TN 37243

This _25_ day of _March_____, 2015.

**TRAMMELL, ADKINS & WARD, P.C.**

By: _____

     Terrill L. Adkins

| Sevier County Chancery Court<br>125 Court Ave. Suite 108 West<br>Sevierville, TN 37862<br>(865)453-4654 | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 | **Case Number**<br>78CH1-2015-CV-110<br>15-3-110 |
|---|---|---|

## Gary E. Ridens (et. al) vs. State Farm Fire and Casualty Company

Served On:

| State Farm Fire and<br>Casualty Company | c/o Tennessee Commissioner of Insurance<br>500 James Robertson Pkwy., 5ᵗʰ Floor, Ste. 660<br>Nashville, TN 37243 | (with Interrogatories & Request for Production0 |
|---|---|---|

You are hereby summoned to defend a civil action filed against you in Sevier County Chancery Court, Sevier County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the required date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: __3/27/2015__

*Carolyn McMahan*
Clerk / Deputy Clerk - Sevier County Chancery Court

Attorney for Plaintiff: __Terrill L. Adkins__
__P. O. Box 51450, Knoxville, TN 37950__

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA §26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to execute it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to Carolyn McMahan, Sevier County Chancery Court Clerk, Sevier County
125 Court Ave. Suite 108 West
Sevierville, TN 37862

### CERTIFICATION (IF APPLICABLE)

I, Carolyn McMahan, Sevier County Chancery Court Clerk of Sevier County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk – Sevier County Chancery Court

OFFICER'S RETURN: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows:

Date: _____ By: _____

RETURN ON SERVICE OF SUMMONS BY MAIL: I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call Larry Russell, ADA Coordinator, at (865)774-3643*

*Rev. 8/05/10*

**CAROLYN P. McMAHAN**
**CLERK & MASTER**
**P. O. BOX 4426**
**SEVIERVILLE, TN  37864-4426**
**PHONE (865) 453-4654**
**FAX:  (865) 453-8763**

**March 27, 2015**

**TN Commissioner of Insurance**
**500 James Robertson Pkwy, 5th Fl., Ste. 660**
**Nashville, TN  37243**

**RE:  Gary E. Ridens, et al vs. State Farm Fire & Casualty Co.**
**Sevier County Chancery Court  -  # 15-3-110**

**Dear Commissioner:**

**Please find enclosed process for State Farm Fire & Casualty Co, defendant in the above styled cause.  Also enclosed is the attorney's check in the amount of $15.00 to cover service of same.**

**Thanking you for your assistance in this matter.**

**Very truly yours,**

---

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**10219**

**TRAMMELL ADKINS & WARD, PC**
GENERAL ACCOUNT
P.O. BOX 51450
KNOXVILLE, TN 37950-1450
PH. (865) 330-2577 * FAX (865) 330-2578

SunTrust

87-4/640

PAY    FIFTEEN EXACTLY

DATE
03/20/2015

AMOUNT
$15.00

TO THE
ORDER OF
Commissioner of Insurance
State of Tennessee
Deptartment of Commerce and Insurance
ATTN: Jerald Gilbert
500 James Robertson Parkway, 7th Floor

RECEIPT

Clerk & Master, Carolyn McMahan
Sevier County Chancery Court
125 Court Ave. Suite 108 West
Sevierville, TN 37862
(865)453-4654

No:              69484
Receipt Date:   03/27/2015
System Date:    03/27/2015

Received Of: Terrill L. Adkins                    Total Amount Paid:        $274.50

Payment Method/No: Business Check 10234           $274.50

Amount Tendered:      $274.50
Amount Returned:         $0.00

*15-3-110*

Case: 78CH1-2015-CV-110                                         PAID IN FULL
   Gary E. Ridens (et. al) vs State Farm Fire and Casualty Compan    Amount Paid:      274.50

Carolyn McMahan

Page 1 of 1

By: _____  _Cjorn_
    Carolyn McMahan, carolyn

## Gary E. Ridens (et. al) vs. State Farm Fire and Casualty Company

Served On:

| State Farm Fire and Casualty Company | c/o Tennessee Commissioner of Insuraance 500 James Robertson Pkwy., 5th Floor, Ste. 660 Nashville, TN 37243 | (with Interrogatories & Request for Production0 |
| --- | --- | --- |

You are hereby summoned to defend a civil action filed against you in Sevier County Chancery Court, Sevier County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the required date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 3/27/2015

*Carolyn McMahan*
Clerk / Deputy Clerk - Sevier County Chancery Court

Attorney for Plaintiff:  Terrill L. Adkins
P. O. Box 51450, Knoxville, TN 37950

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA §26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to execute it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to    Carolyn McMahan, Sevier County Chancery Court Clerk, Sevier County
125 Court Ave. Suite 108 West
Sevierville, TN 37862

### CERTIFICATION (IF APPLICABLE)

I, Carolyn McMahan, Sevier County Chancery Court Clerk of Sevier County do certify this to be a true and correct copy of the original summons issued in this case.

CHANCERY COURT

HOUR:_____ M.

Date:_____   APR 0 6 2015

Clerk / Deputy Clerk – Sevier County Chancery Court

*Carolyn McMahan*
CLERK & MASTER
SEVIER COUNTY, TN

OFFICER'S RETURN: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows:

Date:_____          By: _____

RETURN ON SERVICE OF SUMMONS BY MAIL: I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date:_____

Notary Public / Deputy Clerk (Comm. Expires _____)

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call Larry Russell, ADA Coordinator, at (865)774-3643*

ORIGINAL
RETURN OF PROCESS

*Rev. 8/05/10*

copy mailed 4/9/15

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

March 31, 2015


State Farm Fire & Casualty Company                Certified Mail
2500 Memorial Boulevard % Jeff Shay               Return Receipt Requested
Murfreesboro, TN 37131-0001                       7012 3460 0002 8948 4266
NAIC # 25143                                       Cashier # 19410


Re:   Gary E. Ridens, Et Al  V.  State Farm Fire & Casualty Company

      Docket # CV-110-15-3-110

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served March 31, 2015, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.


Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Sevier County
    P O Box 4426
    Sevierville, Tn 37864

CHANCERY COURT
FILED
HOUR:_____ M.

APR 0 9 2015

*Carolyn P. McMahan*
CLERK & MASTER
SEVIER COUNTY, TN